UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | 05-2249 |
| | ) | |
| v. | ) | |
| | ) | |
| PARIS UNION SCHOOL DISTRICT | ) | |
| NO. 95 and COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NO. 4, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On November 2, 2005, the plaintiff, John Doe ("Doe") filed a five-count complaint against the defendants,  Community Unit School District No. 4 ("CUSD #4") and Paris Union School District No. 95 (collectively, the "school districts").  Doe is married and has children who attend schools in the school districts.  Doe would attend school events with his wife and children, including football games, basketball games, concerts, plays, track meets, graduations and golf meets/matches.  Doe would also take his children to school and pick them up, drive them to and from practices, attend practices, and watch his children as they participated in school activities.  Doe also would go to the schools if the children had medical emergencies or if they needed to be taken to medical or other appointments.

In 1985, Doe was convicted of a crime that falls within the definition of a child sex offender under 720 Ill. Comp. Stat. 5/11-9.3©).  He is not, however, required to register as a sex offender pursuant to the Illinois Sex Offender Registration Act, 730 Ill. Comp. Stat. 150/1 et seq.  In July 2005, the Illinois Legislature amended the statute prohibiting child sex offenders from being in or close to a school building when children under the age of 18 are present or on school grounds.  Prior to July 2005, the statute prohibited a child sex offender from entering school property "unless the offender is a parent or guardian of a student present" on school property.  720 Ill. Comp. Stat. 5/11-9.3(a).  However, the statute as amended prohibits the presence of a child sex offender on school grounds or within 500 feet of school property "unless the offender is a parent or guardian of a student attending the school and the parent or guardian is" meeting or conferring with school personnel on the child's performance and adjustment in school, and only if the child sex offender notifies the principal of his or her presence at the school. 720 Ill. Comp. Stat. 5/11-9.3(a) (as amended). The amended statute allows the superintendent or school board to grant permission for the sex offender to enter school property for reasons other than meetings and conferences.

Doe has requested permission from the school districts to be present for school activities in which his children are involved.  The school districts have informed Doe that they have

1

blanket policies that do not allow for any exceptions other than those enumerated in the statute, and have refused to grant Doe permission to attend school activities.  As a result, Doe cannot attend sporting events, band concerts and other school activities that he and his family formerly attended before the statute was amended.

Doe alleges the amended statute violates his constitutional rights to substantive due process, procedural due process, and equal protection, violates the *ex post facto* clause of the United States Constitution, and has deprived him of a vested right under the prior statute.  He has filed a motion for a preliminary injunction that would allow him to attend school events with his family.

The school districts were served with the complaint, motion for preliminary injunction,[1] and motion to proceed with a fictitious name on November 3, 2005.  The court granted the motion to proceed with a fictitious name on November 9, 2005.  Also on that date, Paris Union School District filed a motion for an extension of time to file an answer to the complaint.  On November 23, 2005, counsel for CUSD #4 entered an appearance and filed its answer.

Nine days later, on December 2, 2005, CUSD #4 filed a motion to compel the plaintiff to proceed under his true name.  Also on that date, the court sent certification to the Illinois Attorney General regarding a challenge to the constitutionality of a state statute.[2]

Two motions are before the court: the motion for a preliminary injunction [#11] and the motion to compel the plaintiff to proceed under his true name [#23, #24].[3]  The court scheduled oral argument for January 4, 2006.

## I.  Motion to compel the plaintiff to proceed under his true name

CUSD #4 argues that the court should require the plaintiff to proceed under his true name.  Doe argues that he would suffer economic harm if forced to reveal his identity.  Specifically, he argues that he is a business owner whose business could be materially affected if members of the Paris community and surrounding communities were aware that he was challenging the statute.  He further argues that he and his children would suffer harm, embarrassment, and emotional distress if it became known that the plaintiff was challenging the statute.

---

[1] The motion for preliminary injunction was stricken for failure to file an accompanying memorandum of law.  Doe refiled the motion, along with a memorandum of law, on November 18, 2005.

[2] The Attorney General has not yet intervened in this case.

[3] The motion was filed in two parts, each three pages in length.  In the future, the parties should e-file a motion as one document and not split it into parts.

The motion to compel implicates two competing interests. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit has enumerated certain exceptions to this rule. Parties may proceed under a fictitious name "when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties or witnesses." *Doe*, 112 F.3d at 872. "Privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed" to proceed under a fictitious name. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "The district court must balance the need for anonymity against the general presumption that the parties' identities are public information and the risk of unfairness to the opposing party." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

At oral argument, CUSD #4 contended that the public has a right to know who is challenging the statute and using the court's resources. It further argued that obtaining discovery would be difficult if the identity of the plaintiff is not known. However, it conceded that some members of its school board were aware of the plaintiff's identity. In addition, allowing the plaintiff to proceed under a fictitious name may be reviewed at any stage of the litigation; if discovery is actually hampered, the unfairness to the opposing party might then tip the balance in that party's favor. At this point, neither argument is particularly persuasive.

On the record before the court, there is insufficient information to conclude that the plaintiff should be allowed to continue to proceed under a fictitious name. The Ninth Circuit noted three situations in which courts have found the balance in favor of the plaintiff's anonymity: "(1) when identification creates risk of retaliatory physical or mental harm; (2) . . . to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Does I Thru XXIII*, 214 F.3d at 1068 (internal citations omitted). The plaintiff's affidavits are not persuasive because they contain only conclusory statements about the harm expected if the plaintiff reveals his identity. Harm will follow *ipse dixit* — because he says so.

Specifically, the court has not been apprised as to the nature of Doe's crime,[4] or whether Doe's children already know about his conviction. Neither has Doe given anything more than further conclusory statements that his business will be harmed and his livelihood threatened if his name is revealed, and that he and his family will suffer harm, embarrassment and emotional distress. Potentially persuasive information is missing from the record. Doe's conviction may be the result of a teenage indiscretion with another willing teenager, or the predatory act of an adult against a young child, or anything in between. Paris, Illinois is a relatively small town;[5] if Doe is a lifelong resident of Paris, many people in town may already know of his conviction. On the other hand, if Doe is a newcomer to Paris, the potential breach of privacy is more acute. In addition, the court has no indication as to the nature of Doe's business. A mail order or

---

[4] Doe simply asserts that the school districts have told him that he is not "a risk."

[5] The 2000 Census shows the Paris, Illinois population at 9,077.

manufacturing business headquartered in a small town wouldn't suffer to the same extent as a small store that relies on walk-in business.

Coupled with insufficient information of the potential emotional and economic impact is the fact that Doe seeks to keep private a conviction that is already a matter of public record. That Doe is not required to register as a child sex offender does not maintain his privacy; it merely makes his conviction more difficult for members of the public to ascertain.

Accordingly, this court concludes again that based on the bare bones record presented, the balance tips in favor of "publicness." *Doe*, 112 F.3d at 872. The motion to compel [#23, #24] is granted.

## II.  Motion for preliminary injunction

Doe moves the court for a preliminary injunction to allow him to attend school events while the litigation proceeds.

To succeed on the motion, Doe must show that (1) he has a likelihood of success on the merits; (2) there exists no adequate remedy at law; (3) Doe will suffer irreparable harm if the injunction is not granted, and the harm to him outweighs the harm to the defendants if the injunction is granted; and (4) the injunction will not harm the public interest. *Joelner v. Village of Washington Park*, 378 F.3d 613, 619 (7th Cir. 2004).  If Doe meets this threshold burden, the court must weigh the factors against one another on a "sliding scale" analysis. *Joelner*, 378 F.3d at 619.

In his arguments Doe fails to address the potential harm to the defendants and to the public.  However, the potential harm to the school districts and to society cannot be ignored. The court must consider the evil that the state legislature sought to avoid by this legislation.  It sought to avoid further acts of child predation by a person who has been convicted of that type of conduct.  The statute seeks to achieve that avoidance by requiring the person convicted of child predation to identify himself and to be subjected to supervision when he/she is in the vicinity of children.  What the plaintiff asks the court to do is to negate the declared social policy requirements of identification and supervision.  The Supreme Court of the United States, when dealing with a statute *in pari materia,* has held that statute constitutional and a valid regulatory act. *Smith v. Doe*, 538 U.S. 84 (2003).

The Illinois statute specifies that even if the sex offender receives permission and notifies the principal's office upon arriving and departing school property, the sex offender has the duty to remain under the *direct* supervision of a school official.  720 ILL. COMP. STAT. 5/11-9.3(a)-(b) (emphasis added).  This places a burden on the school district to designate a school official to monitor Doe's presence.

Doe states that he has offered to hire and pay for security personnel to stay with him while he attends school events, but the statute requires that a *school official* monitor his presence.  At practices and rehearsals, the only school officials likely to be present are coaches

4

and teachers who must focus on the students' activities, not on monitoring Doe's whereabouts. At sporting events, Doe might want to purchase refreshments, return to his car, arrive late to a particular event or depart early, or use the restroom, necessitating a (male) school official to escort him as he moves about school property.  With school budgets stretched to the limit, it is understandable that a school district would be reluctant to undertake this burden.

However, the financial burden to the school district is minor in comparison to its potential liability if the school official's attention is diverted for any reason, and he is unable to monitor Doe.  In turn, the school districts' potential liability is secondary to the harm caused to a student  if Doe evades the school official's supervision.

True, Doe cannot attend school sporting events and concerts in which his children participate.  Parent attendance at such events is common but not mandatory, and parent attendance at practices and rehearsals is infrequent.  Doe's second affidavit indicates that other school districts have granted him permission to attend sporting events held at those schools, so he is not completely barred from attending all school events in which his children participate. He is free to seek permission from any other school districts on whose property his children will be present.

The balance might tip in Doe's favor if he were barred from attending his children's graduation ceremonies, as a graduation is a rite of passage appropriately honored by a parent's presence.  However, Doe seeks an injunction that is much more broad than attendance at a graduation ceremony.

This court offers no opinion about Doe's likelihood of success at trial.  Rather, the potential harm to others, when balanced against the harm to Doe, tips the scales decidedly against Doe on his motion for preliminary injunction.

<u>CONCLUSION</u>

For the foregoing reasons, the motion to compel the plaintiff to proceed under his true name [#23, #24] is granted.  The motion for preliminary injunction [#11] is denied.

Entered this 9th day of January, 2006.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE