UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE #1, JANE DOE #2, and JOHN DOE #2, by JOHN DOE, their father and next friend, | ) ) ) 05-2249 ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PARIS UNION SCHOOL DISTRICT NO. 95 and COMMUNITY UNIT SCHOOL DISTRICT NO. 4, | ) ) ) |
| Defendants. | |

ORDER

This case, commenced by John Doe ("Doe") in November 2005, arises from recent amendments to certain Illinois statutes regulating the presence of child sex offenders on or near school grounds.

Doe is the parent of three school-age children, all minors. The amended statutes require child sex offenders to obtain permission before entering school grounds when minors are present, and to comply with certain other requirements if permission is granted. Doe had sought and been denied permission to attend his children's school events – concerts, sporting events and practices, etc. He filed a complaint against the defendants, Paris Union School District No. 95 ("the high school") and Community Unit School District No. 4 ("the elementary school"), alleging violations of his constitutional rights. He also sought a preliminary injunction allowing him to attend these events.

Doe proceeded under a fictional name until the court granted the defendants' motions for him to proceed under his true name. After a hearing on January 4, 2006, the court denied the motion for preliminary injunction. Doe sought and was granted leave to file an amended complaint adding Jane Doe #1, Jane Doe #2 and John Doe #2, (collectively, "the children") as plaintiffs. The amended complaint, filed on April 20, 2006, named Doe only as father and next friend of his minor children.[1] The amended complaint was accompanied by a motion for the children to proceed under fictional names [#49] and a motion for preliminary injunction [#50].

---

[1] Doe may decide for himself whether he wishes pursue any claims on his own behalf. The motion to compel him to comply with the court's order and motion for sanctions [#47] is denied.

The high school responded by filing a motion to strike the amended complaint, motion for preliminary injunction and motion to proceed under fictional names. The high school argued that Doe had not complied with the court's order to file an amended complaint under his true name, and even if he added the children under fictional names, he should not be allowed to conceal his true identity. Doe is no longer a party to this case, and the children, as minors, need not reveal their identity. The motion to proceed under fictional names [#49] is granted; the motion to strike [#52] is denied.

The motion for preliminary injunction sought an order allowing the children's father to be present at the May Fete and high school graduation for Jane Doe #1, and the eighth grade graduation for John Doe #2. The motion did not state whether Doe had sought and been denied permission to attend these specific events. The court ordered the plaintiffs to file a statement of facts addressing these issues, and the defendants were ordered to respond to the plaintiffs' statement of facts.

I.  May Fete

To succeed on the motion, Doe must show that (1) he has a likelihood of success on the merits; (2) there exists no adequate remedy at law; (3) Doe will suffer irreparable harm if the injunction is not granted, and the harm to him outweighs the harm to the defendants if the injunction is granted; and (4) the injunction will not harm the public interest. *Joelner v. Village of Washington Park*, 378 F.3d 613, 619 (7th Cir. 2004). If Doe meets this threshold burden, the court must weigh the factors against one another on a "sliding scale" analysis. *Joelner*, 378 F.3d at 619.

At the January 4, 2006, hearing, the court determined that the plaintiff was long on blanket assertions but short on facts to support the original motion. Notably, the court never learned the nature of the sex offense for which Doe was convicted, a fact about which counsel was questioned and for which no answer was given. *See* Jan. 9, 2006, Order, p. 3. This fact goes directly to the balancing of the interests of Jane Doe #1 as to her father's presence at the May Fete, on the one hand, and, on the other, the potential harm to the public interest if he were to attend the event.

The plaintiffs allege in their complaints that the defendants told Doe he was "not a risk." Compl. ¶ 25; Amd. Compl. ¶ 25. The high school denied the allegation in its answer to the original complaint.[2] Neither defendant has filed an answer to the amended complaint. The description of the May Fete suggests an event during which the attendees move about the room during the course of the evening. Monitoring an individual's movement during an event of this

---

[2] The elementary school never answered this allegation. Its answer was filed in three separate documents [#16, #17, #18], each consisting of one page which, when viewed as a whole, do not constitute a complete answer to the complaint. It is ordered to file a complete answer to the amended complaint within five (5) days of the date of this order.

2

sort is considerably more difficult than monitoring the individual during an event where attendees remain seated, as at graduation.

Moreover, the court concludes that denial of permission to attend the May Fete does not rise to the level of a constitutional violation. The Fourteenth Amendment to the United States Constitution protects liberty interests against arbitrary and capricious denial without due process of law. *Griswold v. Connecticut*, 381 U.S. 479, 502 (1965). Justice White stated in his concurring opinion,

> [T]he liberty entitled to protection under the Fourteenth Amendment includes the right "to marry, establish a home and bring up children," *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) and "the liberty . . . to direct the upbringing and education of children," *Pierce v. Society of Sisters*, 268 U.S. 510, 534- 535 (1925) and that these are among "the basic civil rights of man." *Skinner v. Oklahoma*, 316 U.S. 535, 541 (1942). These decisions affirm that there is a "realm of family life which the state cannot enter" without substantial justification. *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944).

*Griswold*, 381 U.S. at 502.

Even if the high school's decision to deny permission for Doe to attend the May Fete amounts to an arbitrary and capricious decision, the liberty to direct the upbringing and education of children does not extend to attendance at nonacademic extracurricular events. Under the relevant statutes, a parent need not seek permission to attend parent-teacher conferences -- and rightly so, because such conferences relate directly to a child's academic success.  The May Fete does not.

## II.  Graduations

Unlike the May Fete, however, graduation ceremonies are directly related to, and the culmination of, a child's academic success. The distinction is not lost on the high school. Its administrative procedures, promulgated after the passage of the amended statutes, specify that individuals to whom the statute applies will not be allowed on school property "at school related athletic and extra-curricular activities and events *for any reason* when persons under the age of 18 are present." Amd. Compl. ¶ 15. The rules further state, "The Board of Education and/or Superintendent may, on a case by case basis, without establishing a practice or precedence for future requests, allow offenders to be present on school property for graduation ceremonies."[3]

---

[3] Doe made a specific request, through counsel on or about April 12, 2006, for permission to attend the eighth grade graduation. The elementary school had not acted on the request as of May 4, 2006. *See* Crowder Aff. 2 [#58].  Counsel states that a formal request was made for the high school graduation; the school board will consider that request at its May 8, 2006 meeting. *See* Crowder Aff. 1-2 [#59].

Amd. Compl. ¶ 15. The high school plainly recognizes the importance of parental attendance at graduation ceremonies -- an academic rite of passage appropriately honored by parental attendance.[4]

Neither defendant has yet denied the request for the plaintiffs' father to attend their graduation ceremonies. Consequently, the court cannot rule on the motion as it pertains to the those events.

The plaintiffs may refile the motion for preliminary injunction if the requests are denied. In that event, counsel shall file an updated statement to include the facts surrounding Doe's conviction as a child sex offender and the nature of the crime committed. This information is critical to the weight the court must give to the competing interests on a motion for preliminary injunction.

In response, the defendants must state the specific rationale for denying Doe's request so the court can determine whether the decision was arbitrary and capricious. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The legislature has codified a procedure to be followed for case-by-case exemptions, recognizing that local officials are in the best position to make such judgments. If the statute specifies a procedure but the answer is always a categorical "no," the procedure is meaningless, and the arbitrary and capricious denial of such requests may well result in a due process violation.

## CONCLUSION

For the foregoing reasons, the motion for preliminary injunction [#50] is denied. The court grants the plaintiff leave to refile the motion if one or both of the graduation requests is denied. The motion to compel Doe to comply with the court's order and motion for sanctions [#47] is denied. The motion to proceed under fictional names [#49] is granted; the motion to strike [#52] is denied. The defendants shall file their answers to the amended complaint within five (5) days of the date of this order.

Entered this 8th day of May, 2006.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[4] *See* this court's January 9, 2006 order [#36].